UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CATHY ALEXANDER,

    Plaintiff,

v.                                                       Case No: 6:24-cv-208-JSS-LHP

LIGHTHOUSE INSURANCE
GROUP, LLC,

    Defendant.
_____/

**<u>ORDER</u>**

    Plaintiff moves to substitute Plaintiff's husband, Randy Alexander, as the named plaintiff in this case. (Motion, Dkt. 39.) For the reasons set forth below, the Motion is denied without prejudice.

    In a previous motion, Plaintiff's counsel moved to substitute Mr. Alexander as the named plaintiff and represented that Mr. Alexander is the "executor of the Estate of Cathy Alexander." (Dkt. 36 at 1.) The court denied the original motion without prejudice because Plaintiff's counsel did not provide the court with evidence demonstrating that Randy Alexander is the executor of Plaintiff's estate.

    Plaintiff's counsel has renewed his motion and again seeks to substitute Mr. Alexander as the plaintiff in this matter. (Dkt. 39.) As evidence supporting the substitution, Mr. Alexander provides the court with a copy of Plaintiff's death certificate and Plaintiff's and Mr. Alexander's marriage certificate. (*Id.*) This evidence

is insufficient. "To identify who has the legal authority to serve as a substitute, we look to the text of Rule 25, which specifically references the decedent's 'successor[s]' or 'representative[s]' as the only nonparties who may move for substitution. Fed. R. Civ. P. 25(a)(1). These nonparties are not necessarily the decedent's surviving family members. Instead, a state probate court determines who serves as the decedent's successor or representative of [the] estate." *Silas v. Sheriff of Broward County, Fla.*, 55 F.4th 872, 876 (11th Cir. 2022); *see also Commodity Futures Trading Comm'n v. Larralde*, No. 6:23-cv-1445-WWB-DCI, 2024 WL 245808 at *2 (M.D. Fla. Jan. 23, 2024) ("The Court notes that [the plaintiff's surviving spouse] attaches to the [m]otion her husband's death certificate, and it does in fact reflect that [she] is the surviving spouse . . . Even so, . . . she includes no authority demonstrating that a 'surviving spouse' qualifies under Rule 25.").

Mr. Alexander's Motion is due to be denied because he has not adequately shown that he is Plaintiff's legal representative under Rule 25 or Florida law. *See Schaeffler v. Deych*, 38 So. 3d 796, 799 (Fla. Dist. Ct. App. 2010) ("If an indispens[a]ble party to an action dies, 'the action abates until the deceased party's estate, or other appropriate legal representative, has been substituted pursuant to [R]ule 1.260(a)(1).'") (quoting *Cope v. Waugh*, 627 So. 2d 136, 136 (Fla. Dist. Ct. App. 1993)).

Accordingly, Plaintiff's Unopposed Motion for Substitution of Plaintiff (Dkt. 39) is **DENIED without prejudice**. **On or before May 8, 2025**, Plaintiff may file a renewed motion addressing the deficiencies outlined in this order.

**ORDERED** in Orlando, Florida, on April 24, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record